IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-75,917




EX PARTE GENE WILFORD HATHORN, JR.




ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE
NO. 6958-D IN THE 411TH JUDICIAL DISTRICT COURT
TRINITY COUNTY




           Per Curiam. 


O R D E R

           On June 27, 1985, a jury convicted applicant of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
article 37.071, and the trial court, accordingly, set punishment at death. This Court
affirmed applicant’s conviction and sentence on direct appeal. Hathorn v. State, 848
S.W.2d 101 (Tex. Crim. App. 1992). Applicant filed his initial post-conviction
application for writ of habeas corpus in the convicting court on October 14, 1997. This
Court denied applicant relief. Ex parte Hathorn, Nos. WR-65,054-01, -02, and -03 (Tex.
Crim. App. Sept. 13, 2006)(not designated for publication). Applicant’s first and second
subsequent applications, respectively filed in the trial court on March 17, 2006, and June
9, 2006, were dismissed in the same order denying relief on applicant’s initial application. 
Id. Applicant’s third subsequent application was filed in the trial court on November 13,
2007. This Court dismissed that application on April 9, 2008. Ex parte Hathorn, No.
WR-65,054-04 (Tex. Crim. App. Apr. 9, 2008)(not designated for publication).
           We now take the unusual step of reconsidering, on our own initiative, the Penry



claim raised in applicant’s initial application for writ of habeas corpus, but subsequently
rejected by this Court in its September 13, 2006, order. The Court has further determined
that the case should be filed and set. While the Court will not hear oral argument, it has
determined that both parties should brief the following issues:
1.        Did applicant object at trial that his jury was not given an adequate vehicle through
which it could give effect to his mitigating evidence? Was any other objection
specifically pertaining to mitigating evidence made when discussing the charge to
be given the jury?
 
2.        If no objection was made, does this make a difference regarding the resolution of
applicant’s allegation? 
 
3.        Was the mitigating evidence presented at applicant’s trial the type of evidence for
which applicant was entitled to a separate vehicle? 
 
4.        Although applicant’s direct appeal began prior to the time the United States
Supreme Court handed down the decision in Penry, was direct appeal counsel
obligated to raise the claim post-submission considering applicant’s direct appeal
remained pending in this Court for some three years after the Penry decision was
handed down?
 
Briefs from both applicant and the State are due in this Court within 60 days of the date of
this order. No motions for extension of time to file will be entertained.
           IT IS SO ORDERED THIS THE14TH DAY OF MAY, 2008.
 
Do Not Publish